UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENNIE GIBSON,

                      Plaintiff,

          -against-

COURT PSYCHIATRIST & CORRECTION
HEALTH SERVICES, ET AL.,

                      Defendants.

26-CV-0902 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Kirby Forensic Psychiatric Center, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner. *See Gibson v. Unknown Male Patients*, ECF 1:19-CV-0204, 10 (S.D.N.Y. Dec. 23, 2019) (listing seven cases that count as strikes under the PLRA).[1] Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The court listed the following dismissals as strikes: *Gibson v. Rice*, No. 94-CV-6431 (S.D.N.Y. Sept. 7, 1994) (dismissed as frivolous under former 28 U.S.C. § 1915(d)); *Gibson v. Martines*, No. 98-CV-7100 (S.D.N.Y. Oct. 8, 1998) (dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); *Gibson v. Unknown Grp. of Clinical Psychiatrist & Psychologist for Mid-Hudson*, No. 99-CV-11323 (S.D.N.Y. Mar. 16, 2000) (dismissed for failure to state a claim under Section 1915(e)(2)(B)(ii); *Gibson v. Latella*, No. 99-CV-11322 (S.D.N.Y. Mar. 16, 2000) (same); *Gibson v. Richochet Towing*, No. 00-CV-3084 (S.D.N.Y. Apr. 21, 2000) (dismissed as frivolous under former Section 1915(d)); *Gibson v. Legal Aid Soc'y*, No. 01-CV-1332 (E.D.N.Y. May 11, 2001) (dismissed as frivolous under Section 1915(e)(2)(B)(i)); *Gibson v. City Municipality of New York*, No. 10-4896-pr (2d Cir. Apr. 4, 2011) (appeal dismissed as frivolous).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff challenges various aspects of his state court criminal proceedings. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    February 20, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge