UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENNIE GIBSON,

                          Plaintiff,

            -against-

COURT PSYCHIATRIST & CORRECTION
HEALTH SERVICES, ET AL.,

                          Defendants.

26-CV-0902 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff filed this action *pro se*. By order dated February 20, 2026, the Court dismissed the complaint because Plaintiff is barred, under 28 U.S.C. § 1915(g), from filing any new civil action *in forma pauperis* ("IFP") while a prisoner unless he is under imminent danger of serious physical injury at the time of filing. (ECF 4.) The Clerk of Court entered judgment on March 3, 2026. (ECF 5.) On March 17, 2026, Plaintiff filed a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure challenging the February 20, 2026 dismissal order (ECF 6), as well as an affidavit in support of his motion (ECF 7).

        The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A.    Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In his submission, Plaintiff argues that he should have been able to proceed with this action under the imminent danger exception to the Section 1915(g) bar. To meet the exception, a Plaintiff must allege that he "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), at the time the complaint is filed, *see Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus*, 554 F.3d at 296. Furthermore, "the complaint . . . must reveal a nexus between the imminent danger it alleges and the claims it asserts[] in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Id.* at 298.

2

In its order of dismissal, the Court held that Plaintiff did not meet the imminent danger exception because his complaint was challenging various aspects of his state court criminal proceedings. He did not allege any facts suggesting he was in imminent danger of serious physical injury at the time he filed the complaint. In his motion and supporting affidavit, which are both difficult to understand, Plaintiff references allegations he has made in another complaint he previously filed in this court, and in which imminent danger was found. *See Gibson v. Does*, No. 25-CV-6009 (ER) (S.D.N.Y.) ("*Gibson II*"). Plaintiff's allegations of imminent danger in *Gibson II* have no nexus to claims he asserts here, which, as stated in the order dismissal, relate to his state court criminal proceedings.

Because Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action, the Court denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509. A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

For the reasons discussed above, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C.**      **Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**CONCLUSION**

Plaintiff's motion for reconsideration (ECF 6) is denied. The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 27, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge